277 N.J. Super. 484 (1994)
649 A.2d 1325
PITNEY BOWES, INC., PLAINTIFF,
v.
BAKER INDUSTRIES, INC., PYRO REALTY ASSOCIATES II, LTD., ABC CORPORATION AND/OR AB, DEFENDANTS. HANOVER PARK FOR INDUSTRY AND PYRO REALTY ASSOCIATES II, LTD., THIRD-PARTY PLAINTIFFS/APPELLANTS,
v.
ATMOS ENGINEERING COMPANY, INC. AND ATMOS SERVICE COMPANY, INC. AND ABC CORPORATION AND/OR ABC CORPORATIONS (NAME OR NAMES BEING FICTITIOUS), XYZ PARTNERSHIP AND/OR XYZ PARTNERSHIPS (NAME OR NAMES BEING FICTITIOUS), AND JOHN DOE AND/OR JOHN DOES (NAME OR NAMES BEING FICTITIOUS), THIRD-PARTY DEFENDANTS/RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1994.
Decided November 30, 1994.
*485 Before Judges PRESSLER, LANDAU and CONLEY.
Janet L. Poletto argued the cause for appellants (Bumgardner, Hardin & Ellis, attorneys; Ms. Poletto, of counsel and on the brief; Marybeth Scriven, on the reply brief).
Steven A. Kunzman argued the cause for respondents Atmos Engineering Company, Inc. and Atmos Service Company, Inc. (Bivona Cohen Kunzman Coley Yospin Bernstein & DiFrancesco, attorneys; Mr. Kunzman, of counsel; Joan McSherry, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This controversy arises out of the environmental cleanup of soil contamination and ground water pollution allegedly caused by the improper design and installation of underground heating oil tanks by third-party defendant Atmos Engineering Company, Inc. in 1979. The sole question raised by this appeal is whether the private contribution rights accorded by N.J.S.A. 58:10-23.11f to those who do the cleanup are subject to N.J.S.A. 2A:14-1.1, the ten-year statute of repose protecting those who make improvements to real property. We hold that the later enacted provisions of the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, take precedence and hence that parties otherwise entitled to the benefit of the ten-year repose may not rely thereon to defeat a Spill Act contribution claim.
*486 Plaintiff Pitney Bowes, Inc. is the sublessee of premises in Hanover Township under a lease with defendant Pyro Realty Associates II, Ltd., which had, in turn, leased the premises from the ground lessee, defendant Baker Industries, Inc. In 1987, some seven years after commencement of its tenancy, plaintiff discovered contamination on the site caused by the seepage of heating oil from underground tanks installed by Atmos Engineering Company. Working with the Department of Environmental Protection (DEP), plaintiff excavated the oil tanks in 1988. It asserts that as a result of their improper installation, the tanks had suffered structural failure and leakage causing soil contamination and groundwater pollution. Plaintiff bore the full cost of investigation and consequent remediation and brought this action in May 1991 against Pyro and Baker seeking reimbursement under theories of breach of warranty, breach of contract, and unjust enrichment.
By L. 1991, c. 373, the Legislature enacted N.J.S.A. 58:10-23.11f, effective January 10, 1992, affording to those who pay for the remediation of a discharge of hazardous substances a private right of contribution against those who are also responsible for the discharge. N.J.S.A. 58:10-23.11f(a)(2). Plaintiff accordingly amended its complaint in April 1992 to add a count for contribution under the statute. It again amended its complaint in May 1992 to add as a defendant Hanover Park for Industry, the owner of the premises, against whom it also claimed a statutory right of contribution. Defendants Hanover and Pyro then filed a third-party complaint against third-party defendant Atmos Engineering Company, Inc., alleging that Atmos, as the designer and installer of the tanks, was the culpable party actually responsible for the hazardous discharge cleaned up by plaintiff. Accordingly, Hanover and Pyro sought contribution from Atmos.
Contending that it was immune from suit under N.J.S.A. 2A:14-1.1 because it had not been impleaded until more than ten years from the date of its completion of the work at the site, Atmos moved for summary judgment dismissing the third-party complaint. *487 The trial judge concluded that the oil tanks were improvements to real estate subject to the statutory protection and rejected the argument of Hanover and Pyro that the Spill Act private right of contribution supersedes the statute of repose. Accordingly, he granted Atmos Engineering Company's motion, entering an order dismissing the third-party complaint. We granted the motion of Hanover and Pyro for leave to appeal and now reverse.
Consideration of both the text and the policy of the two apparently conflicting statutes persuades us that the legislative scheme and purpose in enacting the Spill Act's contribution provisions would be significantly and unjustifiably compromised if the statute of repose were read as exempting from liability a class of persons patently intended to be included by N.J.S.A. 58:10-23.11f. To begin with, it is clear that the Legislative purpose in enacting the contribution provisions was to encourage prompt and effective remediation by any responsible party who might otherwise be disinclined to do so because of the risk and burden of bearing the entire cost despite the responsibility of others for the creation and continuation of the problem. Thus, as explained by the Senate Environmental Quality Committee Statement:
Although the right of contribution may exist under federal and State common and statutory law, the ambiguities in and between the laws, and as to standards of proof and allowable defenses result in the reluctance on the part of many dischargers and other responsible parties to enter into cleanup agreements with the Department of Environmental Protection (DEP) for fear that they may not be able to recover some costs from the other liable parties. This has led to delays in cleaning up many hazardous discharges.
This substitute sets forth in the Spill Act a provision that allows dischargers and others who clean up and remove a hazardous discharge to seek contribution from other dischargers and persons who conduct cleanups and removals. The committee substitute provides that the right of contribution be available to contribution plaintiffs who enter into a settlement with the DEP, and to those acting independent of a DEP order or directive to perform a cleanup and removal. The committee substitute directs the court to use equitable factors to allocate the contribution shares of the liable parties.
In order to accomplish a fair and equitable ultimate sharing of the remediation burden among all responsible parties and thereby to promote contamination cleanup, N.J.S.A. 58:10-23.11f(a)(2) *488 casts a broad net encompassing "all other dischargers and persons in any way responsible for a discharged hazardous substance...." That section further provides that the contribution plaintiff "need prove only that a discharge occurred for which the contribution defendant or defendants are liable" pursuant to N.J.S.A. 58:10-23.11g.[1] And finally, that section strictly limits the defenses available to the contribution defendant to those set forth by N.J.S.A. 58:10-23.11g(d), namely, "[a]n act or omission caused solely by war, sabotage, or God, or a combination thereof...." There is no provision of any defense available either to a direct or a contribution defendant based on the passage of time. The Spill Act treats all parties the same in this respect, whether they are directly responsible to the appropriate government agency under 23.11g or responsible by way of contribution obligations under 23.11f. It is therefore self-evident that the statutory purpose and policy would be defeated by excluding from contribution liability the primarily responsible party because of the general and prior enacted statute of repose.
Atmos argues that since N.J.S.A. 2A:14-1.1, enacted in 1967, is not a statute of limitations but rather a statute of repose, it does not afford a defense barred by N.J.S.A. 58:10-23.11f(a)(2). Rather, Atmos urges, it bars the cause of action as applied to the enforcement of the Spill Act. As applied to the enforcement mechanisms of the Spill Act, we disagree with this assertion on both conceptual and functional grounds. As explained by O'Connor v. Abraham Altus, 67 N.J. 106, 121-122, 335 A.2d 545 (1975),

N.J.S.A. 2A:14-1.1 is a special statutory limitation or "hybrid." On the one hand, it bars a right of action from coming into existence if the accident occurs subsequent to the ten-year period; but as to those events happening before the statutory period has run, the provision disallows, like any other statute of limitations, the institution of suit after the prescribed ten years.
*489 To the extent, then, that the contribution claim is based, as here, on occurrences taking place within the ten-year period,[2]N.J.S.A. 2A:14-1.1 operates as any other limitations period, constituting an affirmative defense that, like all other such defenses not encompassed by the Spill Act, may not be raised in defeat of the contribution claim. To the extent, however, that the contribution claim may be based on occurrences taking place after the ten-year period, it is clear that that right of action cannot be barred because it is specifically vouchsafed by the Spill Act. That is to say, what the Spill Act evidently does is to create a new cause of action, unrelated to any time bar at all. It is simply beyond the reach, ambit or applicability of N.J.S.A. 2A:14-1.1.
It is well settled that although "there generally exists a strong presumption against any implied negation of statutory enactments, this presumption may be overcome where there is a clear showing that two legislative measures are patently repugnant or inconsistent." City of Camden v. Byrne, 82 N.J. 133, 154, 411 A.2d 462 (1980). We think it plain that the barring of the cause of action by N.J.S.A. 2A:14-1.1 and the creation of the cause of action by N.J.S.A. 58:10-11f(a)(2) are inconsistent and repugnant. We are also persuaded that applicable canons of statutory construction compel the conclusion that N.J.S.A. 58:10-11f(a)(2) prevails when a Spill Act contribution claim is made. It is the later and more specific of the two enactments. Violence would otherwise be done to its plan and purpose. By the same token, the viability of the contribution claim under N.J.S.A. 58:10-11f(a)(2), despite the passage of ten years would do, in our view, no appreciable violence at all to the underlying policy of N.J.S.A. 2A:14-1.1.
In this regard, we note that the purpose of the statute of repose was to respond to developments of legal doctrine that were, in combination, particularly threatening to the class of persons sought to be protected thereby. Those developments included the *490 evolution of the discovery rule by which the accrual of the cause of action is deferred and the demise of the "completed and accepted" rule that provided an early termination date for contractor's liability. See, e.g., O'Connor, supra, 67 N.J. at 117-118, 335 A.2d 545; Rosenberg v. Town of North Bergen, 61 N.J. 190, 197, 293 A.2d 662 (1972). By contrast, the obviously overriding purpose of the Spill Act was to respond to the grave public consequences of hazardous-substance discharges that threaten the health and safety of everyone. Its broad imposition of strict liability excepts no one actually responsible for that environmental contamination. See, generally, State, Dept. of Environ. v. Ventron Corp., 94 N.J. 473, 468 A.2d 150 (1983). We further point out that as a matter of common experience, contamination consequences of a hazardous-substance discharge are frequently neither discovered nor discoverable until long after the discharge occurs. The exclusion from either direct or contribution liability of such culpable dischargers on the basis of the statute of repose would therefore not only impair the statutory scheme of the Spill Act but, in substantial measure, would render its contribution provisions meaningless. The Legislature could not have so intended.
It is clear that N.J.S.A. 2A:14-1.1 notwithstanding, responsible persons are directly liable to the appropriate government agencies for the consequences of their actions pursuant to N.J.S.A. 58:10-23.11g(c). It is not argued to the contrary. We can perceive no reason at all for reaching any different result in respect of private contribution claims. In sum, our holding does not impinge upon N.J.S.A. 2A:14-1.1 to any substantially greater extent than the Spill Act already has done by reason of the strict direct liability imposed by N.J.S.A. 58:10-23.11g(c).
The partial summary judgment dismissing the action as against the third-party defendant is reversed, and we remand for further proceedings.
NOTES
[1] N.J.S.A. 58:10-23.11g(c)(1) imposes strict joint and several liability on "[a]ny person who has discharged, or is in any way responsible for any hazardous substance ... without regard to fault...."
[2] As we have noted, the tanks were installed in 1979. The leakage was discovered in 1987 and verified as to source in 1988.